UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PEELING,<br><br>                      Plaintiff,<br><br>v.<br><br>MICHAEL MCCUTHEON AKA MICHAEL MCCUTCHEON, et. al.,<br><br>                      Defendant. | Case No.: 17cv0771 JAH-RBB<br><br>**ORDER REMANDING ACTION** |

     On March 10, 2017, Plaintiff Mark Peeling filed a complaint in the Superior Court of California, County of San Diego for unlawful detainer against Michael McCutheon aka Michael McCutcheon, Jennifer Romero, and Does 1 to 10 inclusive. The complaint only alleges a state law claim and is a limited civil case with a demand under $10,000. Defendant McCutheon aka McCutcheon, appearing *pro se*, filed a notice of removal on April 17, 2017. For the reasons set forth below, this Court finds it lacks jurisdiction over the complaint and, therefore, *sua sponte* remands the matter to state court for all further proceedings.

//
//
//

1

# DISCUSSION

## I. Legal Standard

The federal court is one of limited jurisdiction. <u>Kokkoken v. Gardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. <u>See</u> <u>Steel Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 94 (1998). Thus, at any time during the proceedings, a district court may *sua sponte* remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c); <u>Brockman v. Merabank</u>, 40 F.3d 1013, 1016 - 17 (9th Cir. 1994).

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court. <u>See</u> <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. <u>See</u> <u>Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.</u>, 644 F.2d 1310, 1314 (9th Cir. 1981). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988).

## II. Analysis

Upon review of the notice of removal and the complaint, this Court finds it appropriate to *sua sponte* remand the case to state court because the notice of removal fails to establish a proper basis for this Court's jurisdiction. The complaint asserts a single cause of action for unlawful detainer. Defendant maintains he removed the action because the Protecting Tenants at Foreclosure Act ("PTFA") preempts state law as to bona fide residential tenants of foreclosed landlords. Preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law.

See Caterpillar, 482 U.S. at 393. Defendant fails to demonstrate the PTFA completely preempts state law. In fact, the express language of the statute indicates Congress did not intend the PTFA to be the exclusive remedy. 12 U.S.C. § 5220 Note § (a) (Stating that the Act does not affect the requirements of any state or local law providing for longer time periods or additional protections for tenants); P.L. No. 111-22 § 702(a)(2)(A), see also PNC Bank, National Association v. Branch, 2011 WL 281806 (D.Arizona 2011). To the extent Defendant asserts the PTFA as a defense, a federal defense is insufficient to establish federal question jurisdiction. See Caterpillar, 482 U.S. at 393. Plaintiff's complaint for unlawful detainer fails to support federal question or diversity jurisdiction. Accordingly, the Court deems it appropriate to *sua sponte* remand the matter to state court.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED the instant complaint is *sua sponte* REMANDED to state court for all further proceedings.

DATED: April 20, 2017

_____
JOHN A. HOUSTON
United States District Judge